USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12-14-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ANGEL MALDONADO,

                      Plaintiff,

       -v-

DORA B. SCHRIRO, TONY DURANTE, and CITY OF
NEW YORK,

                      Defendants.

------------------------------------------------------------X

15 Civ. 3409 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Angel Maldonado, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while incarcerated in a dormitory that exposed him to toxic fumes. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendants' motion is granted.

**I.    Background**

    Maldonado alleges the New York City Department of Corrections ("DOC") incarcerated him in a dormitory that exposed him to hazardous fumes, black mold, and asbestos. Dkt 17 ("Compl.") § II. After exposing Maldonado to these conditions for approximately "90 days," the DOC undertook "environmental hazard tests," found the unit "uninhabitable[]," and "the next day" transferred Maldonado and the 49 other inmates into a new unit. *Id.* The only allegations that Maldonado makes regarding individual defendants is that they were responsible for his exposure because of their supervisory roles. *See id.* ("[W]arden Mr. Durante is responsible because of the condition of the building in question, Mrs. Schriro [is] responsible because she is the commissioner of New York City Department of Corrections, [Mayor Bill de Blasio] holds

some [responsibility] as well because his administration [oversees] all institutions, [and the] Corporation Counsel for the City of New York [oversees] all business operations for the city.").

Maldonado also alleges that, on March 26, 2015, he submitted a 7101R Grievance Form, *id.* Ex 1.1, to the New York City Department of Correction's Inmate Grievance Resolution Program. *See* Compl. § III. In the form, Maldonado describes the hazardous conditions and writes that when he complained to "Captain Blake" he was told: "Do what You Got to Do!" *Id.*, Ex 1.1. Maldonado states that his 7101R Grievance Form was never answered, but that he "[tried] to contact [the] central complaint office." *Id.* § III(E).

Maldonado requests "compensa[tion] in the amount of $300 Million Dollars." *Id.* § IV.

## II.   Discussion

To survive a motion to dismiss, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When, as here, a plaintiff proceeds *pro se*, a court must liberally construe the plaintiff's pleadings and briefs, "reading such submissions 'to raise the strongest arguments they suggest.'" *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (internal citations omitted). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). But, although courts are "obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports,

[courts] cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### A.     Municipal Liability

To hold a municipality liable under § 1983, a plaintiff must establish the existence of a municipal policy, custom, or practice that caused the alleged violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."). Although negligence alone cannot serve as a basis for municipal § 1983 liability, when "a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (internal quotation marks omitted)). Deliberate indifference "may be inferred where 'the need for more or better supervision to protect against constitutional violations was obvious,' but the policymaker 'fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs.'" *Cash v. Cty. of Erie*, 654 F.3d 324, 334 (2d Cir. 2011) (quoting *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995)); *accord Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007).

Maldonado fails to state a claim against the City of New York because he explicitly claims that negligence, rather than policy, custom, or practice, caused his exposure to asbestos and black mold. *See, e.g.*, Compl. § III.D. ("[The DOC] acted as a negligent tort."); *id.* ("[I]f it

3

had not been for the negligence of the defendants[, plaintiff] would not be filing this complaint[.]"). And Maldonado's allegations do not suggest that the alleged negligence was tantamount to deliberate indifference. On the contrary, as pled, after Maldonado filed a grievance, the DOC tested the dormitory, found it uninhabitable, and relocated him. Given these allegations, the complaint does not state a plausible claim that Maldonado was exposed to toxic fumes because of a municipal policy. *See Frith v. City of New York.*, No. 15 Civ. 5688 (NRB), 2016 WL 4705155, at *4 (S.D.N.Y. Aug. 25, 2016) (dismissing *pro se* prisoner's *Monell* claim, because, *inter alia*, there were no allegations suggesting deliberate indifference); *see also Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

### B.   Individual Defendants

The "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. N.Y. Dep't of Correctional Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *accord Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). The required personal involvement of defendants can be established by alleging (1) "actual direct participation in the constitutional violation," (2) "failure to remedy a wrong after being informed through a report or appeal," (3) "creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue," (4) "grossly negligent supervision of subordinates who committed a violation," or (5) "failure to act on information indicating that unconstitutional acts were occurring." *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003).

Here, Maldonado premises individual defendants' liability based on their supervisory roles. *See, e.g.*, Compl. § III.D ("Mrs. Schriro [is] responsible because she is the commissioner of New York City Department of Corrections"). This theory of liability is not viable because "proof of 'linkage in the prison chain of command'" is "insufficient" to state a § 1983 claim. *Hernandez*, 341 F.3d at 144 (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)); *accord id.* (liability in a § 1983 action depends on a showing of some personal responsibility and "cannot rest on *respondeat superior*") (citing *Al–Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)). And Maldonado makes no allegations suggesting that individual defendants were personally involved in the alleged harm. Accordingly, his claims against the individual defendants must be dismissed. *See Sanders v. City of New York*, No. 14 Civ. 6156 (PAE), 2016 WL 1023318, at *4 (S.D.N.Y. Mar. 8, 2016) (holding that allegation that a "letter was sent to the official's office, without more," is insufficient to plead personal involvement); *Blackson v. City of New York*, No. 14 Civ. 452 (VC), 2014 WL 6772256, at *2 (S.D.N.Y. Dec. 2, 2014) (dismissing claims against warden and correction officers where plaintiff "ma[de] no specific allegations" about those individuals "apart from naming them as Defendants").

## CONCLUSION

Courts should generally not dismiss a *pro se* complaint without giving leave to amend at least once if there is any indication that, through a liberal reading of the complaint, a valid claim might be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). For the foregoing reasons, defendants' motion to dismiss is granted, and Maldonado is granted leave to file a second amended complaint by **January 6, 2017**. Failure to comply with this order may result in dismissal of the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to mail a copy of this order and all unpublished decisions cited therein to Maldonado at his address of record.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: December 14, 2016
New York, New York