USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-16-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ANGEL MALDONADO,

                          Plaintiff,

-v-

MRS. DORA B. SCHRIRO, TONY DURANTE, MAYOR
OF N.Y.C. WILLIAM DE BLASIO, N.Y.C.
CORPORATION COUNSEL, N.Y.C. BOARD OF
CORRECTIONS,

                         Defendants.

------------------------------------------------------------X

15 Civ. 3409 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Angel Maldonado, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while incarcerated in a dormitory that exposed him to toxic fumes. By opinion and order dated December 14, 2016, the Court granted defendants' motion to dismiss but granted Maldonado leave to file a second amended complaint. Dkt. 25 (the "Order"). On February 28, 2017, the Court received Maldonado's second amended complaint. Dkt. 28 ("SAC"). Defendants now again move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 31. Maldonado has not filed an opposition to this motion. The Court treats the motion as unopposed and independently considers the merits of the motion. *See Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010). For the reasons set forth below, the motion to dismiss is granted.

I. **Background**

Maldonado alleges the New York City Department of Corrections ("DOC") confined him in a dormitory in which he was exposed to "hazardous and toxic substances," to wit "black mold,

toxic fumes and Asbestos." SAC at 1. After the DOC performed tests, the area was determined to be uninhabitable and Maldonado was removed from the area. *Id.* at 1–2, 5. Maldonado was in the dormitory and exposed to the toxic substances for approximately 90 days. *Id.*

Maldonado alleges that defendants, "through [their] negligence[,] failed to adhere" to a number of laws and policies that were intended to protect individuals from asbestos. *Id.* at 2; *see also id.* at 3 ("These policies . . . were put in place to protect tenants/inmates and employees from negligent owners/employers . . . . Plaintiff was not at liberty to protect himself from the negligence of the New York City Department of [C]orrections.").

Maldonado alleges that Warden Tony Durante failed to "see to the buildings being held to the proper building standards," *id.*, and that "in his capacity . . . to oversee day to day operation of the facilities . . . Durante should be held liable for any action or inaction of [those] under his authority," *id.* at 4. Maldonado alleges that it is Durante's "responsibility to maintain the buildings on Rikers Island in a fashion that would cause no harm to" the buildings' inmates. *Id.* at 5. Maldonado also alleges that the New York City Board of Corrections should have "had a watchful eye on these facilities" to prevent such injuries, and that the New York City Corporation Counsel failed in its "duty to advise the city on legal matter[s] . . . [and] failed in its duty to protect prison inmates from" harm. *Id.* at 3–4.

Maldonado seeks punitive and compensatory damages, measured at $300 million plus all present and future medical expenses. *Id.* at 5.

## II. Discussion

To survive a motion to dismiss, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When, as here, a plaintiff

2

proceeds *pro se*, a court must liberally construe the plaintiff's pleadings and briefs, "reading such submissions 'to raise the strongest arguments they suggest.'" *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (internal citations omitted). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). But, although courts are "obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports, [courts] cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### A. Claims Against New York City Agencies

Maldonado's SAC names the New York City Corporation Counsel and the New York City Board of Corrections as defendants. SAC at 1. The New York City Charter states that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. It is, therefore, well-established law that an agency of the City of New York "lacks independent legal existence and is not a suable entity." *Merced v. City of New York*, No. 14 Civ. 6285 (WFK), 2014 WL 5682516, at *1 (E.D.N.Y. Nov. 3, 2014); *see also, e.g.*, *Colon-Rodriguez v. New York City Dep't of Corr.*, No. 07 Civ. 8126 (GBD), 2009 WL 995181, at *5 (S.D.N.Y. Apr. 13, 2009) (dismissing claims against the Board of Corrections as a non-suable entity).

However, making "reasonable allowances to protect [a] *pro se* litigant[]," *Abbas*, 480 F.3d at 639, the Court construes Maldonado's claims against the Corporation Counsel and the Board of Corrections as, instead, claims against the City of New York. *See, e.g., Harrison v. New York City Admin. for Children's Servs.*, No. 02 Civ. 947 (RCC) (RLE), 2003 WL 21640381, at *6 (S.D.N.Y. July 7, 2003) (granting *pro se* plaintiff leave to amend to name the City of New York as the proper party), *report and recommendation adopted*, 2003 WL 22271219 (S.D.N.Y. Sept. 30, 2013).

Nevertheless, as discussed below, the Court finds that Maldonado fails to state facts sufficient to plead municipal liability. Therefore, granting Maldonado leave to further amend his complaint would be futile. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave [to amend] for good reason, including futility . . . .").

### B. Municipal Liability

To hold a municipality liable under § 1983, a plaintiff must establish the existence of a municipal policy, custom, or practice that caused the alleged violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."). In its December 14, 2016 decision, the Court noted that "Maldonado fails to state a claim against the City of New York because he explicitly claims that negligence, rather than policy, custom, or practice, caused his exposure to asbestos and black

4

mold" and that "the allegations do not suggest that the alleged negligence was tantamount to deliberate indifference." Order at 3–4. Maldonado's SAC fails to remedy these issues.

First, rather than allege municipal policies that *caused* the alleged violations of his constitutional rights, Maldonado alleges that defendants' relevant actions were *in violation* of various laws and policies. *See* SAC at 2–4. However, municipal liability "under Section 1983 does not arise out of the allegedly unconstitutional acts of an employee that are *contrary* to a municipality's alleged policy." *Zargary v. City of New York*, No. 00 Civ. 897 (RJH), 2010 WL 329959, at *2 (S.D.N.Y. Jan. 26, 2010) (emphasis added); *see also Sullivan v. City of New York*, No. 16-2357, 2017 WL 1948256, at *2 (2d Cir. May 10, 2017) (summary order) ("[Plaintiff] himself undermines his allegations of a policy or custom by contending that the arresting police officers acted 'contrary to the policy of the NYPD regarding potential domestic violence matters' when they arrested him. Thus, [plaintiff] did not present sufficient evidence of *Monell* liability to reach a jury." (citation omitted)). Maldonado fails to allege that a policy, practice, or custom *caused* his exposure to asbestos and black mold, a requirement to plead municipal liability.

Further, Maldonado again fails to plead deliberate indifference. "To succeed in showing deliberate indifference . . . [a plaintiff] must show that the defendants knew of the health dangers and yet refused to remedy the situation, constituting deliberate indifference." *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998) (citing *Wilson v. Seiter*, 501 U.S. 294, 302–04 (1991)). On the contrary, Maldonado pleads that the DOC relocated him after determining that the area was unsafe. SAC at 1, 5. Although Maldonado continues to allege that "defendants through [their] negligence" violated his rights, SAC at 2, negligence alone cannot serve as a basis for municipal liability under § 1983, *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 128 (2d Cir. 2004) ("The operative inquiry is whether the facts suggest that the policymaker's inaction

5

was the result of a 'conscious choice' rather than mere negligence." (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989))).

C.      **Individual Defendants**

The "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *accord Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). The required personal involvement of defendants can be established by alleging (1) "actual direct participation in the constitutional violation," (2) "failure to remedy a wrong after being informed through a report or appeal," (3) "creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue," (4) "grossly negligent supervision of subordinates who committed a violation," or (5) "failure to act on information indicating that unconstitutional acts were occurring." *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003).

Here, Maldonado's SAC fails to establish individual liability plausibly. It does not once mention Dora B. Schriro or Mayor William De Blasio except in the case caption; this is plainly insufficient to state a claim against either individual. *See Blackson v. City of New York*, No. 14 Civ. 452 (VEC), 2014 WL 6772256, at *2 (S.D.N.Y. Dec. 2, 2014) (dismissing claims where plaintiff made "no specific allegations" about certain individuals "apart from naming them as Defendants").

Maldonado alleges that Durante is liable because he has a duty "to oversee day to day operation[s] of the facilities . . . [and] should be held liable for any action or inaction of [those] under his authority." SAC at 4. However, as explained in the Court's December 14 decision, "'proof of linkage in the prison chain of command' is 'insufficient' to state a § 1983 claim."

6

Order at 5 (quoting *Hernandez*, 341 F.3d at 144); *see also Hernandez*, 341 F.3d at 144 (§ 1983 liability requires showing of some personal responsibility and "cannot rest on *respondeat superior*" (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989))). Durante cannot be liable solely in a supervisory capacity, and Maldonado does not allege that Durante was personally involved in the alleged harm.

Accordingly, Maldonado's claims against Schriro, De Blasio, and Durante must be dismissed.

## CONCLUSION

For the foregoing reasons, Maldonado's SAC is dismissed with prejudice. The Clerk of Court is directed to terminate the motion at Dkt. 31, close the case, and mail a copy of this order and all unpublished decisions cited therein to Maldonado at his address of record.

Finally, the Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 16, 2017
New York, New York